IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULINO MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STAR OF SIAM, INC., | ) |
| and ADERIK DULYAPAIBUL | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Paulino Martinez, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against The Star of Siam, Inc. and Aderik Dulyapaibul (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL) for Defendants' failure to pay Plaintiff overtime wages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Paulino Martinez is a former employee of Defendants who was employed by Defendants in this judicial district.

5. Plaintiff Paulino Martinez handled materials such as dishes, spatulas, and pans that were not manufactured in the state of Illinois.

6. Plaintiff Paulino Martinez handled goods such as vegetables, meats, and spices that were not manufactured in the state of Illinois.

7. During the course of his employment, Plaintiff Paulino Martinez handled goods and materials that moved in interstate commerce and performed non-exempt work.

8. Defendant The Star of Siam, Inc. ("Star of Siam") is an Illinois corporation doing business within this judicial district. Defendant Star of Siam is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Defendant Star of Siam has annual gross sales of $500,000 or more.

10. Defendant Star of Siam was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Defendant Aderik Dulyapaibul is the Corporate President of Star of Siam.

12. Defendant Aderik Dulyapaibul is involved in the day-to-day business operations of Star of Siam. Among other things, Defendant Aderik Dulyapaibul has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

13. Defendant Aderik Dulyapaibul hired Plaintiff and set his schedule.

14. Defendant Aderik Dulyapaibul was the Plaintiff's employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

15. Defendants operate a restaurant located at 11 East Illinois Street in Chicago, Illinois.

16. Plaintiff Paulino Martinez worked as a cook.

17. Plaintiff worked for Defendants from 2000 until September 13, 2020.

18. Plaintiff was paid monthly.

19. Plaintiff was paid a set salary every month no matter how many hours he worked.

20. In the three years prior to filing this Complaint, Plaintiff worked more than 40 hours in a workweek and was not paid the premium rate of one and half times his regular rate.

21. Plaintiff performed non-exempt work.

22. Plaintiff had no managerial responsibilities.

23. Prior to March 2020, Plaintiff typically worked 6 days a week for an average of 61 hours per week.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

24. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

25. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

26. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

29. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

30. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate for time they worked in excess of 40 hours in individual workweeks.

31. Defendants have previously been sued for overtime violations in this judicial district.

32. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

- A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorney fees and costs incurred in filing this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby reallege and incorporate paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

34. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

35. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

36. At all relevant times herein, Defendants were Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

37. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

38. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate for time worked in excess of 40 hours per week.

39. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

40. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover treble the amount of underpayment and damages in the amount of 5% per month of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B. Damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: September 25, 2020 **PAULINO MARTINEZ**

By: _/s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com